**Neil A. Tortora - 017312005**
ntortora@morrisonmahoney.com
**MORRISON MAHONEY LLP**
**Waterview Plaza**
**2001 U.S. Highway 46, Suite 200**
**Parsippany, NJ 07054**
**Phone: 973-257-3526**
**Fax:   973-257-3527**
**Attorneys for Defendant/Third-Party Plaintiff, Mitsuwa Marketplace**

| | |
|---|---|
| ALICIA MICHAELS,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>MITSUWA MARKETPLACE, ABC CORPORATIONS (fictitious names) and JOHN DOE I-III (fictitious names),<br><br>　　　　　Defendants. | UNITED STATES DISTRICT COURT<br>FOR THE DISTRICT OF NEW JERSEY<br>CASE NO.: 2:20-CV-11760-JMV-JBC<br><br>Civil Action<br><br>**ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, THIRD-PARTY COMPLAINT, RESERVATIONS, CROSS-CLAIMS, ANSWER TO ALL CROSS-CLAIMS, REQUEST FOR ALLOCATION, NOTICE TO PRODUCE DOCUMENTS, DEMAND FOR ANSWERS TO INTERROGATORIES, DEMAND FOR STATEMENT OF DAMAGES, JURY DEMAND, DESIGNATION OF TRIAL COUNSEL, CERTIFICATIONS** |
| MITSUWA MARKETPLACE,<br>　　　　　Third-Party Plaintiff,<br><br>v.<br><br>APOLLO RETAIL SPECIALISTS, LLC,<br>ABC CORP 1-100; JOHN DOE 1-100<br>　　　　　Third-Party Defendants. | |

Defendant/Third-Party Plaintiff, Mitsuwa Marketplace (hereinafter "Defendant"), by and through its attorneys, Morrison Mahoney LLP, by way of Answer to the Complaint hereby says:

1260988v.1

## FIRST COUNT

1. Defendant neither admits nor denies the allegation contained in this paragraph but leaves plaintiff to her proofs.

2. Defendant denies the allegation contained in this paragraph.

3. Defendant neither admits nor denies the allegation contained in this paragraph but leaves plaintiff to her proofs.

4. Defendant denies the allegation contained in this paragraph.

5. Defendant denies the allegation contained in this paragraph.

**WHEREFORE**, defendant demands judgment, dismissing the Complaint, and any and all claims against it with prejudice, along with costs, attorneys' fees, interest and all other relief deemed appropriate by this Court.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any relief.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff is barred from relief by the Unclean Hands Doctrine.

### THIRD AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### FOURTH AFFIRMATIVE DEFENSE

Defendant did not violate any duty owed to plaintiff under common law, case law, statutes, regulations, ordinances, or standards of care.

### FIFTH AFFIRMATIVE DEFENSE

Defendant is free from any and all negligence.

### SIXTH AFFIRMATIVE DEFENSE

Defendant's conduct was not the proximate cause of plaintiff's alleged damages.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant is not a proper party under jurisdiction, venue and service grounds.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant is immune from any liability by virtue of the applicable statutes of the State of New Jersey.

### NINTH AFFIRMATIVE DEFENSE

At all times alleged, defendant conducted itself in full compliance with all applicable federal, state and local laws, statutes, ordinances, regulations, standards of care, common law and case law relative to the within subject matter which said compliance bars the claims asserted against it.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Entire Controversy Doctrine.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery based upon the Doctrines of Promissory, Equitable and/or Judicial Estoppel, as well as Laches.

### TWELFTH AFFIRMATIVE DEFENSE

Defendant acted reasonably and properly under the circumstances involved herein.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to move for a dismissal of the Complaint.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring this matter and the matter should be dismissed.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendant is not in breach of any contractual, warranty, fiduciary and/or loyalty duties.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's negligence was the proximate cause of her damages, which are denied, barring any recovery against this defendant. Specifically, she failed to take proper precautions to ensure her own safety.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant is not liable as it is not responsible for the acts, omissions and/or negligence of third parties not under its control.

## EIGHTEENTH AFFIRMATIVE DEFENSE

This matter must be dismissed for plaintiff's failure to name indispensable parties.

**WHEREFORE**, defendant demands judgment, dismissing plaintiff's Complaint, and any and all claims against it with prejudice, along with costs, attorneys' fees, interest and all other relief deemed appropriate by this Court.

## THIRD-PARTY COMPLAINT

Defendant/Third-Party Plaintiff, Mitsuwa Marketplace, by way of Third-Party Complaint against third-party defendant, Apollo Retail Specialists, LLC, 4450 East Adamo Drive, Suite 501, Tampa, FL 33605, states:

1. Plaintiff filed a Complaint for personal injuries. (See Exhibit A attached hereto.)

2. If Plaintiff sustained damages as alleged in the Complaint, all of which this defendant/third-party plaintiff denies, such damages were caused by reason of the negligence, actions and/or omissions, breach of contract, and/or other liability of Apollo Retail Specialists, LLC.

3. By reason of the foregoing, defendant/third-party plaintiff is entitled to contribution and/or common law and/or contractual indemnification and/or defense and full insurance coverage from, and to have judgment against, the third-party defendant herein, for all defense costs, settlement amounts and/or any verdict or judgment that plaintiff may recover against defendant/third-party plaintiff and for all sums incurred by defendant/third-party plaintiff relating to this matter for defense and/or payments to plaintiff.

4. Defendant/Third-Party Plaintiff is statutorily entitled to relief for contribution by reason of the foregoing.

**WHEREFORE**, defendant/third-party plaintiff, Mitsuwa Marketplace, demands contribution under the Joint Tortfeasor's Contribution Act, N.J.S.A. 2A:53A and under the Comparative Negligence Act, N.J.S.A. 2A:15-5.1, and full indemnification, defense and insurance coverage from the third-party defendant, Apollo Retail Specialists, LLC, along with costs, fees, expenses and all other relief deemed appropriate by this court.

### RESERVATIONS

1. The answering defendant reserves its rights to rely upon any affirmative defenses or separate defenses pleaded by any other party hereto, except to the extent that such defenses attempt to impose responsibility or liability upon the answering defendant.

2. Defendant reserves the right to apply for relief under Rule 11 as appropriate.

**WHEREFORE**, defendant demands judgment, dismissing plaintiff's Complaint, and any and all claims against it with prejudice, along with costs, attorneys' fees, interest and all other relief deemed appropriate by this Court.

1260988v.1

## CROSS-CLAIMS

1. If plaintiff sustained damages in the manner alleged in the Complaint, all of which this defendant denies, such damages are visited upon defendant and were caused by reason of the strict liability, negligence, breach of contract and/or warranty, product liability, product modification or misuse, acts of omission and/or commission by the co-defendants.

2. By reason of the foregoing, defendant is entitled to defense, contribution and/or common-law and/or contractual indemnification, and/or insurance coverage, from, and to have judgment against the co-defendants herein, for all or part of any verdict or judgment that plaintiff may recover against defendant.

**WHEREFORE**, defendant demands judgment of defense, contribution and indemnification and insurance coverage from co-defendants herein, dismissing any and all claims against defendant in this matter with prejudice, together with all defense costs and attorneys' fees, as well as interest and all other relief deemed appropriate by this Court.

## ANSWER TO ALL CROSS-CLAIMS

Defendant denies any and all cross-claims asserted against it and demands dismissal of same with prejudice, together with costs, attorneys' fees and interest along with all other relief deemed appropriate by this Court.

**WHEREFORE**, defendant demands judgment dismissing any and all claims against it in this matter with prejudice, along with costs, attorneys' fees and interest and all other relief deemed appropriate by this Court.

1260988v.1

## REQUEST FOR ALLOCATION

If any party settles prior to verdict, this defendant will seek an allocation by the fact finder of the percentage of negligence and/or other liability against each settling party. This defendant will seek this allocation, whether or not this defendant has formally filed a cross-claim against the settling defendants. This defendant will rely upon the direct examination and cross-examination of plaintiff's fact and/or expert witnesses, and any and all other witnesses offered by any party at the time of trial, in support of this allocation and specifically reserves the right to call any and all such witnesses.

## NOTICE TO PRODUCE DOCUMENTS

**PLEASE TAKE NOTICE** that demand is hereby made of the plaintiff, by defendant, that plaintiff produce true, complete and accurate originals of authorizations and/or copies of the following other documents to this office, within the time allowed by the Rules of Civil Procedure, holding the originals of any copies in unaltered condition until the final conclusion of this litigation, to provide the originals upon request during the course of this litigation by the defense:

1. Any and all photographs which plaintiff and/or counsel may have regarding the within matter.

2. Any and all expert reports.

3. Any and all incident reports, governmental reports, police reports and/or municipal court reports/records and/or County, State and/or Federal records and/or reports regarding this incident.

4. Any and all witness statements which plaintiff and/or counsel may have regarding the within matter.

1260988v.1

5. Any and all medical reports, records and/or bills which plaintiff and/or counsel may have regarding the within matter.

6. Any and all prior discovery, as well as all pleadings, motions, orders, answers to interrogatories, deposition transcripts, demand for documents and responses to same, requests for admissions, and responses thereto exchanged between parties in this and/or any prior related action, with attachments and/or amendments.

7. Executed authorizations permitting defendant to obtain all medical records from all of plaintiff's health care provider(s) and physician(s) involved in this matter including facilities where any diagnostic tests were performed.

8. Executed medical authorizations permitting defendant to obtain all medical records from all of plaintiff's health care provider(s) and physician(s) including facilities where any diagnostic tests were performed, for all prior/subsequent accidents and/or claims.

9. Executed authorizations permitting defendant to obtain all prescription records from all of plaintiff's pharmacies.

10. Executed medical authorizations permitting defendant to obtain all medical records from all of plaintiff's family and/or primary care physician(s).

11. If plaintiff has received medical care for any medical condition not accident related, provide executed medical authorizations permitting defendant to obtain all medical records from all of plaintiff's health care providers and physicians regarding plaintiff's non-accident related condition(s).

12. If a wage loss claim is being asserted by plaintiff, provide all of plaintiff's tax returns, wage verification, W-2 documentation and related tax return support documents for years 2014 through the present; this, like all of these demands, is a continuing demand.

13. If plaintiff had medical insurance coverage under an applicable policy or policies or any other medical insurance, provide executed authorizations setting forth the name and address of the insurance carrier, policy number and the named insured which will permit defendant to obtain all such medical insurance information and documentation.

14. Provide all pleadings, motions and discovery from any and all previous and/or concurrent litigations and/or all documents from investigations of any and all prior/concurrent claims involving the plaintiff.

## DEMAND FOR ANSWERS TO INTERROGATORIES

**PLEASE TAKE NOTICE** that this party hereby demands that all parties provide answers under oath to the following interrogatories within the time prescribed by the Rules of Civil Procedure.

This party further demands that all parties provide supplemental answers should supplemental information be obtained between the time answers are provided and twenty (20) days before the time of trial.

1. Set forth the full name, present headquarters address and business designation of the responding party, eg. partnership, corporation, etc.

2. Describe in detail your version of the events or occurrences alleged in the pleadings in this matter setting forth the date, location and time of all facts.

3. Identify all documents that may relate to this action and attach copies of each such document.

4. State the names and addresses of all eyewitnesses to the events or occurrences alleged in the pleadings and their interest in this lawsuit.

1260988v.1

5. State the names and addresses of all persons who have knowledge of any facts relating to the case and set forth their specific and general factual knowledge.

6. If any photographs, videotapes, audio tapes or other forms of electronic recording, sketches, reproductions, charts or maps were made with respect to anything that is relevant to the subject matter of the case, describe: (a) the number of each; (b) what each shows or contains; (c) the date taken or made; (d) the names and addresses of the persons who made them; (e) in whose possession they are at present; and (f) if in your possession, attach a copy, or if not subject to convenient copying, state the location where inspection and copying may take place.

7. If you claim that this defendant made any admissions as to the subject matter of this lawsuit, state: (a) the date made; (b) the name of the person by whom made; (c) the name and address of the person to whom made; (d) where made; (e) the name and address of each person present at the time the admission was made; (f) the contents of the admission; and (g) if in writing, attach a copy.

8. If you or your representative and this defendant have had any oral communication concerning the subject matter of this lawsuit, state: (a) the date of the communication; (b) the name and address of each participant; (c) the name and address of each person present at the time of such communication; (d) where such communication took place; and (e) a summary of what was said by each party participating in the communication.

9. If you have obtained a statement from any person not a party to this action, state: (a) the name and present address of the person who gave the statement; (b) whether the statement was oral or in writing and if in writing, attach a copy; (c) the date the statement was obtained; (d) if such statement was oral, whether a recording was made, and if so, the nature of the recording and the name and present address of the person who has custody of it; (e) if the statement was

1260988v.1

written, whether it was signed by the person making it; (f) the name and address of the person who obtained the statement; and (g) if the statement was oral, provide a detailed summary of its contents.

10. If you claim that the violation of any statute, rule, regulation or ordinance is a factor in this litigation, state the exact title and section.

11. State the names and addresses of any and all proposed expert witnesses. Set forth in detail the qualifications of each expert named and attach a copy of each expert's current resume. Also attach true copies of all written reports provided to you by any such proposed expert witness.

    a. State the subject matter on which your experts are expected to testify; and

    b. State the substance of the facts and opinion to which your experts are expected to testify and a summary of the grounds for each opinion.

12. State whether any representative of the responding party involved in any way with the facts in this matter has ever been convicted of a crime. YES (  ) NO (  ). If the answer is "yes", state: (a) the individual(s) name(s); (b) date(s); (c) place(s); and (d) nature of the offense(s).

I certify that the responses to foregoing are true and if any responses are willfully false, I am subject to punishment.

                                                        Alicia Michaels

## DEMAND FOR STATEMENT OF DAMAGES

**PLEASE TAKE NOTICE** that the undersigned demands that within five (5) days of service of this responsive pleading, plaintiff serve upon this office a written statement of the amount of damages claimed in the above-entitled action.

## JURY DEMAND

Defendant hereby demands trial by jury on all issues.

1260988v.1

## DESIGNATION OF TRIAL COUNSEL

Please be advised that Neil A. Tortora, Esq., is hereby designated as trial counsel on behalf of defendant in the above-captioned matter.

## CERTIFICATION OF FILING AND SERVICE

I hereby certify that the within pleading was filed with the Clerk of the District Court in the captioned District and served on all known counsel of record within the proper time period and/or any allowable extensions thereof.

## LOCAL RULE 11.2 CERTIFICATION

I certify to the best of my knowledge that this matter is not the subject of any other action pending in any Court or any arbitration proceeding; and that no other action or arbitration proceeding is presently contemplated by the answering defendant; and that defendant does not presently know of any other parties who should be joined in this action.

I certify that the foregoing statements made by me are true. I am aware that if any of the statements made by me are willfully false, I am subject to punishment.

I certify that the foregoing statements made by me are true. I am aware that if any of the statements made by me are willfully false, I am subject to punishment.

**Morrison Mahoney LLP**

Attorneys for Defendant/Third-Party Plaintiff, Mitsuwa Marketplace

Dated: August 28, 2020

By: /s/ *Neil A. Tortora*
Neil A. Tortora